IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN SCHULMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-2988 |
| | § | |
| | § | |
| JOHN E. POTTER, Postmaster General | § | |
| United States Postal Service Agency, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Plaintiff Ben Schulman has sued his former employer, the United States Postal Service through Postmaster General John Potter, alleging violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Schulman alleges that he was denied job training and later fired because of his age. (Docket Entry No. 1). The Postal Service has moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 20). Schulman has responded. (Docket Entry No. 21). The Postal Service has also filed a motion for summary judgment. (Docket Entry No. 24). Schulman has not responded to this motion.

Based on a careful review of the pleadings, the motions and response, and the applicable law, the Postal Service's motion to dismiss is denied and its motion for summary judgment is granted. The reasons for these decisions are explained below.

## I.    Background

Schulman was hired as a temporary rural relief mail carrier for the Tomball Post Office, in Tomball, Texas on December 30, 2000. The job did not last long. Shulman used his personal vehicle to deliver mail, as is common on rural routes. On January 10, 2001, Schulman backed his personal vehicle into a parked car while delivering mail. On January 16, 2001, the Tomball Post Office notified Schulman that it had terminated his employment effective January 13, 2001, because he was responsible for an at-fault accident, had failed to follow safe driving procedures, and had failed to report the accident immediately to management.

Schulman informally complained to an Equal Employment Opportunity (EEO) counselor on February 13, 2001. Schulman alleged that the Postal Service discriminated against him on the basis of his age and gender when it refused to train him further. On April 17, 2001, Schulman received a Notice of Right to File a formal complaint. The notice informed Schulman that he had only fifteen days to comply. Schulman sent his complaint to the EEO on June 7, 2001, after the fifteen-day time window expired. Despite its untimely submission, the EEO fully addressed the merits of Schulman's complaint. Schulman's administrative complaint was investigated and the Administrative Judge conducted a hearing on February 13, 2003. On March 26, 2003, the Administrative Judge rendered an opinion finding no discrimination. The EEO issued a Final Agency Decision (FAD) on April 3, 2003, which Schulman appealed to the Office of Federal Operations (OFO). The OFO affirmed the FAD. On April 21, 2004, Schulman's request for reconsideration was denied. Shortly thereafter, Schulman received a Notice of Right to Sue. Schulman filed this age

2

discrimination lawsuit on July 23, 2004.

## II.     The Motion to Dismiss

### A.     The Legal Standards

Under the ADEA, a complainant may be heard in federal court after pursuing Title VII administrative relief or by filing a civil action directly with a federal district court.  29 C.F.R. § 1614.201(a).   Once an ADEA plaintiff chooses to pursue the Title VII administrative process, he must comply with all administrative complaint procedures.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)).   Federal regulations governing federal employees' discrimination complaints require an aggrieved employee to contact an EEO counselor within forty-five days of the alleged incident.  29 C.F.R. § 1614.105.  If the claim is unresolved, the EEO will notify the claimant of his right to file a formal discrimination complaint.  *Id.* at § 1614.106.  The claimant must comply within fifteen days of receiving this notice.  *Id.*  If claim still is unresolved, the EEO may issue a Final Agency Decision.  *Id.* at § 1614.110.   A complainant may then either appeal the decision or file a civil action in district court.  §§ 1614.401, 1614.408.  Failure to comply with these procedures may bar federal court jurisdiction over the subject matter.  *Johnson v. Bergland*, 614 F.2d 415, 417–18 (5th Cir. 1980).  Specifically, if the EEO does not reach the merits of a complaint because the complainant failed to comply with requisite administrative procedures, federal courts should not reach the merits either.  *See id.*; *see also Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997).  Filing a written administrative complaint late, however, does not

3

deprive federal courts of subject-matter jurisdiction.  *See Taylor*, 296 F.3d at 379; *Oaxaca v. Roscoe*, 641 F.2d 386, 388 (5th Cir. 1981) (citing *Coke v. Gen. Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981)).   Administrative time limits relate to the merits of the complaint.  *Coke*, 640 F.2d at 595.  A failure to act timely, like the expiration of a statute of limitations, is properly raised by a motion to dismiss for failure to state a claim.  *See Oaxaca*, 641 F.2d at 391; *see also F.D.I.C. v. Dawson,* 4 F.3d 1303, 1308 (5th Cir. 1993) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (2d ed.1990)).

Time limits for filing a Title VII administrative complaint are subject to equitable tolling. 29 C.F.R. § 1614.604(c) (2005) ("The time limits in . . . part [1614] are subject to waiver, estoppel and equitable tolling."); *see also Oaxaca*, 641 F.2d at 391.  In *Chappell v. Emco Machine Works Co.*, the United States Court of Appeals for the Fifth Circuit discussed three possible bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's lack of awareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEO misleading the plaintiff about the nature of his rights.  *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir. 1979).

### B.    Analysis

The Postal Service has moved to dismiss Schulman's discrimination suit on the ground that Schulman failed to exhaust his administrative remedies.  Schulman argues that equitable tolling of the deadline applies.  Schulman contends that he has exhausted all

4

administrative remedies.

The record discloses facts that, if proven, could support equitable tolling.  Schulman chose to pursue the Title VII administrative process.  On April 17, 2001, the EEOC notified Schulman that he had fifteen days to file a formal age discrimination complaint.  Schulman sent his complaint to the EEO on June 7, 2001, after the fifteen-day window expired.  Despite its untimely submission, the merits of Schulman's complaint were fully addressed by the EEO.  Asserting compliance with all Title VII administrative procedures, Schulman alleges that he was told he had thirty days to file a formal complaint.  Schulman claims that he relied on this misinformation when filing his complaint.  Because the EEOC reached the merits of his case, Schulman's late filing is evaluated under the Rule 12(b)(6) standard.  *Oaxaca*, 641 F.2d at 388.

A Rule 12(b)(6) motion to dismiss should not be granted unless it appears from the pleadings beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Scanlan*, 343 F.3d at 536.  Schulman alleges facts that, if proven, could entitle him to equitable tolling.  *See White v. Dallas Indep. Sch. Dist.*, 581 F.2d 556, 562 (5th Cir. 1978) (finding equitable tolling proper when plaintiff was misled by the EEOC); *Page v. U.S. Indus., Inc.*, 556 F.2d 346, 350–51 (5th Cir. 1977) ("[Plaintiff is] entitled to rely on [a] seemingly authoritative statement by the agency presumed to know the most about [Title VII administrative] matters.").  Potter's motion to dismiss is denied.

### III.    The Motion for Summary Judgment

#### A.    The Legal Standards

5

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Under Rule56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings.

The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 305 (5th Cir. 2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.,* 333 F.3d 566, 568 (5th Cir. 2003).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322) (emphasis in original).

The ADEA provides that "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff alleging age discrimination in violation of the ADEA may prove his claim through either direct or circumstantial evidence, or both. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996). Direct evidence is evidence that "if believed, proves the fact of intentional discrimination without inference or presumption." *Woodhouse*,

7

92 F.3d at 252.  If the plaintiff produces direct evidence that discriminatory animus played a role in the decision at issue, the burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus.  *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252–53 (1989).  If the plaintiff "demonstrates that age was a motivating factor in the [employe's decision], it then falls to the [employer] to prove 'that the same adverse employment decision would have been made regardless of discriminatory animus.'"  *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1217 (5th Cir. 1995)).  The evidence a plaintiff produces must be "sufficient for a jury to conclude, by a preponderance of the evidence, that [age] was a motivating factor for any employment practice."  *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (internal quotations omitted).

If the plaintiff produces only circumstantial evidence of discrimination, the plaintiff may prove age discrimination using the framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973).  First, the plaintiff must establish a *prima facie* case of discrimination.  *Russell*, 235 F.3d at 222; *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).  The elements of the *prima facie* age discrimination case are: (1) the plaintiff was not hired; (2) she applied for and was qualified for the position at issue; (3) she was within the protected class; and (4) someone outside the protected class obtained the position.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004).  The presentation of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the plaintiff.  *Bauer*, 169 F.3d at 966.  The defendant must then respond

8

with a legitimate, nondiscriminatory reason for the challenged employment decision. *Russell*, 235 F.3d at 222; *Bauer*, 169 F.3d at 966. "This burden on the employer is one only of production, not persuasion, involving no credibility assessments." *Russell*, 235 F.3d at 219; *see Bauer*, 169 F.3d at 966 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)) ("The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *'if believed by the trier of fact,'* would support a finding that unlawful discrimination was not the cause of the employment action."). If the defendant meets its burden, the presumption of discrimination created by the *prima facie* case disappears, and the plaintiff is left with the ultimate burden of proving discrimination. *Hicks*, 509 U.S. at 511–12. The plaintiff may meet its ultimate burden with evidence tending to show that the reason offered by the defendant is a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 804. Evidence demonstrating the falsity of the defendant's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000). The plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896–97 (5th Cir. 2003); *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 220 (5th Cir. 2001). If the plaintiff fails to produce substantial evidence of pretext, or produces evidence permitting only an indisputably tenuous inference of pretext, summary judgment in favor of the defendant is appropriate. *See West v. Nabors Drilling*

*USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003); *Sandstad,* 309 F.3d at 894.

A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *Reeves*, 530 U.S. at 143; *West*, 330 F.3d at 385. An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. *See Sandstad*, 309 F.3d at 899. Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Id.* at 897; *Russell*, 235 F.3d at 223. No further evidence of discriminatory animus is required because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation. . . ." *Reeves*, 530 U.S. at 147–48. The "rare" instances in which a showing of pretext is insufficient to establish discrimination are (1) when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or (2) when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. *See Russell*, 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 148); *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

### B.    Analysis

Schulman, who was born in 1938, was qualified for his postal worker job and experienced an adverse employment action when the Postal Service fired him. Schulman has failed to state a *prima facie* case of age discrimination, however, because the record does not

indicate that others outside the protected class were treated more favorably than Schulman. Schulman does not allege or identify any evidence that younger workers in circumstances "nearly identical" to his were treated more favorably.  *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995).

Deborah Clark, the officer in charge of the Tomball Post Office who hired Schulman, testified that no new hires during the same period — the busy holiday season — received any training because of the heavy demand for workers.  (Docket Entry No.29, Ex. 11 at 37, 64, 66).  For rural routes such as the one assigned to Schulman, mail carriers receive "on the job" training.  The Postal Service sends the newly-hired temporary workers out with a more experienced letter carrier.  Once the new employee learns the job, he handles the assigned route alone.  (*Id.* at 47).  Schulman received this sort of training.  Clark testified that at least three younger temporary workers — Eric Cisneros, Valerie Linker, and Nicky Neal — hired during the same period received no formal training.  (*Id.* at 37–39, 64, 66).  Additionally, the record does not indicate that younger workers at fault in car accidents during their probationary period received lesser discipline.  Clark testified that she has fired other employees for similar conduct.  (*Id.* at 41–42).  There is no disputed fact issue material to determining whether younger workers received more favorable treatment than Schulman.

The Postal Service has proffered a legitimate, nondiscriminatory reason for terminating Schulman.  The Postal Service fired Schulman because he caused an accident on the job during his probationary employment period.  (Docket Entry No. 29, Ex. 1 at 23, Ex. 3).  Schulman has failed to create a triable issue of fact material to determining whether this

reason for firing him was a pretext for discrimination.  The Postal Service's summary judgment motion is granted.

## V.     Conclusion

The Postal Service's motion to dismiss is denied and its motion for summary judgment is granted.  Final judgment dismissing this suit with prejudice will be entered by separate order.

SIGNED on April 7, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge